UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISON

| | | |
|---|---|---|
| GOMILE JEWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | |
| TRANSUNION, LLC, and | ) | |
| CITIBANK (South Dakota) N.A. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for her Complaint against the Defendants[1] states as follows:

### Jurisdiction & Venue

1. This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"])[2] regarding inaccurate entries on Plaintiff's credit reports. Therefore, subject matter jurisdiction exists under 28 U.S.C. Section 1331.

2. This action is also brought under Alabama state law. These claims are brought under 28 U.S.C. Section 1332 as there exists complete diversity and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000), exclusive of costs and interests.

---

[1] Any reference to Defendant or Defendants refers to both singular and plural.

[2] Any reference the Fair Credit Reporting Act or any part thereof encompasses all relevant parts and subparts thereto.

3. Venue is proper in this Court under 28 U.S.C. Section 1391(b) as the events took place in this Judicial District and all Defendants reside in this Judicial District as all Defendants are subject to personal jurisdiction in this Judicial District.

## Parties

4. The Plaintiff, GOMILE JEWELL ["Plaintiff" or "Jewell"], is a natural person who resides within this Judicial District.

5. Defendant TRANSUNION, LLC ["TransUnion"] is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District.

6. Defendant CITIBANK (South Dakota) N.A. ["Citibank"] is a foreign company that furnishes consumer credit information about the Plaintiff and engages in business in this Judicial District.

## Factual Allegations

7. On or about March 7, 2005, Jewell filed a Chapter Seven Bankruptcy Petition in the Northern District of Alabama, Case Number 05-02202-TOM7.

8. On Schedule "F" "CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS" Jewell listed the following creditor:

   Sears Card
   c/o Portfolio Recovery Associates
   P.O. Box 4115
   Dept. 922
   Concord, CA 94524
   Account Number: 11 50040 46983 7
   Amount of Claim: $1,114.46

9. This information relative to the Citibank or Sears Card account (which are the same) came from a February 21, 2005, debt collector Portfolio Recovery Associates, LLC[3] letter that listed the Account Number as 11500404698370 and the balance as $1,114.62. The address of this debt collector was the Concord, California address listed above.

10. On or about March 8, 2005, the Court issued a "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines" which was sent to all creditors.

11. This Notice told all creditors that the "Meeting of Creditors" would occur on April 7, 2005. It also stated that the deadline to "Object[] to Discharge of the Debtor or to Determine Dischargeability of Certain Debts" was June 6, 2005.

12. Citibank did not attend the meeting of creditors, did not file any objection to discharge of Plaintiff, and did not file any request to determine whether its debt should be discharged.

13. On June 7, 2005, Judge Tamara O. Mitchell discharged the debtor Plaintiff by written order that was sent to all creditors.

14. In May 2006, TransUnion received a certified letter from Jewell enclosing his discharge order and requesting that all of his accounts be investigated to make sure they were reported accurately and he requested that TransUnion "Please send a copy of the discharge order to each furnisher to help them in their investigation." (Emphasis added).

---

[3] This letter lists the company motto as "We're giving debt collection a good name."

15. On May 30, 2006, TransUnion sent a credit report to Jewell, which contained numerous errors.

16. In July 2006, Jewell sent a second dispute letter requesting that his accounts be investigated.

17. On July 26, 2006, TransUnion issued its response to Jewell's letter. The file number for the report is 156303551. The report stated, "Our investigation of the dispute you submitted is now complete."

18. On the TransUnion report, the Citibank account is shown as having a balance of $1,114 and a "Pay Status" of ">CHARGED OFF AS BAD DEBT<". There is no indication that this account was included in bankruptcy.[4]

19. The conduct of the Defendants has proximately caused Jewell past and future monetary loss, past and future damage to her credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

20. It is a practice of all of the Defendants to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA and state law.

21. All actions taken by employees, agents, servants, or representatives of any type for the Defendants were taken in the line and scope of such individuals (or entities') employment, agency or representation.

---

[4] On the July 26, 2006, TransUnion report, in a separate trade line, Portfolio Recovery Associates is listed as a "0" balance and under "Remarks" it states ">CHAPTER 7 BANKRUPTCY<". This bears the same account number as the Citibank account and the account listed on the bankruptcy petition.

22. All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Jewell and/or with the knowledge that their actions would very likely harm Jewell and/or that their actions were taken in violation of the FCRA and state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and state law.

23. All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

### FIRST CLAIM FOR RELIEF
### Violating the Fair Credit Reporting Act

24. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

25. Jewell is a "consumer," as codified at 15 U.S.C. § 1681a(c).

26. TransUnion is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

27. Citibank is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

28. Jewell notified TransUnion directly of a dispute on the Citibank account's completeness and/or accuracy, as reported.

29. TransUnion and/or Citibank either failed to delete information found to be inaccurate or reinserted the information without following the dictates of the FCRA.

30. Under the FCRA, a discharged debt must be reported as a "0" balance or, perhaps, a "blank" balance, but in any event the balance cannot contain a number greater than zero given the discharge injunction, which was violated herein.

31. TransUnion never notified Jewell that his dispute was frivolous or irrelevant, or that he had failed to provide sufficient information to investigate the disputed information.

32. Jewell alleges that at all times TransUnion and Citibank failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of his/her credit report, violating 15 U.S.C. § 1681e(b).

33. Jewell alleges that all Defendants failed in all respects to conduct a proper and lawful reinvestigation from start to finish.

34. All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Jewell and/or with the knowledge that their actions would very likely harm Jewell and/or that their actions were taken in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and state law.

35. All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

## SECOND CLAIM FOR RELIEF
### State Law Claims

36. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

37. Defendants published false information about Jewell by reporting the Citibank account with a false balance.

38. Jewell alleges that the publication was done maliciously, without privilege, and with a willful intent to injure Jewell.

39. Such publication constitutes defamation under Alabama law.

40. The Defendants invaded the privacy of Jewell as set forth in Alabama law.

41. The Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Jewell as set forth in this complaint. This includes the initial reporting of the Citibank account; the handling of the investigations on the account; and all other aspects as set forth in this Complaint.

42. Such negligence, malice, wantonness, recklessness, and/or intentional conduct proximately caused the damages set forth in this complaint.

### RELIEF SOUGHT

43. An award of statutory, actual, compensatory and punitive damages (which together exceeds $75,000), and costs of the action including expenses, together with reasonable attorney's fees.

44. Jewell also requests all further relief to which he is entitled under Federal or State law, whether of a legal or equitable nature.

Respectfully Submitted,

_____
John G. Watts ASB-5819-T82J
Attorney for Plaintiff

**OF COUNSEL:**
Watts Law Group, P.C.
15 Office Park Circle, Suite 206
P.O. Box 531168
Birmingham, AL 35253
(205) 879-2447
(205) 879-2882 *facsimile*
john@wattslawgroup.com

_____
M. Stan Herring ASB-1074-N72M
Attorney for Plaintiff

**OF COUNSEL:**
M. Stan Herring, P.C.
201 Avon Place
700 29th Street South
Birmingham, AL 35233
(205) 714-4443
(205) 714-7177 *facsimile*
msh@mstanherringlaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

_____
Attorney for Plaintiff

**Serve defendants via certified mail at the following addresses.:**

TransUnion, LLC
Prentice-Hall Corporation System Inc
150 S. Perry St.
Montgomery, AL 36104

Citibank (South Dakota) N.A.
P.O. Box 6500
Sioux Falls, SD 57117